DAILY LAW GROUP
James D. Daily, Esq. SBN 146699
610 Newport Center Drive, Suite 1200
Newport Beach, California 92660
Telephone: (949) 662-6000 | Facsimile: (949) 258-5555
E-mail: jdaily@dailylawgroup.com

*Attorneys for Defendants*
JOHN DEMARCO, JAMES D. DAILY
ESQUIRE, and STASSI MEDIA GROUP, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| VINCENT MCCRUDDEN, an individual;<br><br>                    Plaintiff,<br><br>v.<br><br>JOHN DEMARCO, an individual; JAMES D. DAILY ESQUIRE, an individual; KATHLEEN MCFARLIN, an individual; KATMAC COMPANY LLC, a Nebraska limited liability company; and STASSI MEDIA GROUP LLC, a Delaware limited liability company.<br><br>                    Defendants. | Case No. 8:22-cv-00407-JVS (ADSx)<br><br>**DEFENDANTS JOHN DEMARCO, JAMES D. DAILY, AND STASSI MEDIA GROUP LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6), OR IN THE ALTERNATIVE, MOTION TO STRIKE PURSUANT TO FED.R.CIV.P. 12(f)**<br><br>[Proposed Order filed concurrently herewith]<br><br>Date:      August 15, 2022<br>Time:      1:30 PM<br>Courtroom: 10C<br>Judge:     Hon. James V. Selna |

//
//
//



DAILY LAW GROUP
610 Newport Center Drive, Suite 1200
Newport Beach, CA 92660

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF VINCENT MCCRUDDEN, PRO SE:**

PLEASE TAKE NOTICE that on Monday, August 15, 2022 at 1:30 PM, or as soon thereafter as this matter may be heard in the above entitled court located at 411 West 4th Street, Santa Ana, CA 92701, Suite 1053, Courtroom 10C, Defendants JOHN DEMARCO, JAMES D. DAILY, and STASSI MEDIA GROUP LLC (collectively, "Defendants") will and hereby do move this Court for an Order to dismiss the amended complaint, and each of the claims for relief contained therein, against these moving Defendants on the following grounds:

**First Claim for Relief for Common Law Fraud of Material, False, Intentional, Misrepresentation.**

This Motion to Dismiss the first claim for relief is made pursuant to F.R.Civ.P. 12(b)(6) on the grounds this claim fails to satisfy the standard of particularity imposed by Federal Rules of Civil Procedure Rule 9(b) and fails to state facts sufficient to state a claim for relief against these moving Defendants. The alleged statements are not of a past or existing fact that would be actionable and the Amended Complaint does not allege damages or any cognizable injury.

**Second Claim for Relief for Complaint for Damages Pursuant to the Copyright Act of 1976 Willful Infringement of Copyright.**

This Motion to Dismiss the second claim for relief is made pursuant to F.R.Civ.P. 12(b)(6) on the grounds this claim fails to state facts sufficient to state a claim for relief against these moving Defendants. Plaintiff gave consent to use the copyrighted materials which is a complete defense and, where the claim is based entirely on Plaintiff's fraud claims, it is not plead with the requisite specificity.

**Third Claim for Relief for Intentional Infliction of Emotional Distress.**

This Motion to Dismiss the third claim for relief is made pursuant to F.R.Civ.P. 12(b)(6) on the grounds this claim fails to state facts sufficient to state a



DAILY LAW GROUP
610 Newport Center Drive, Suite 1200
Newport Beach, CA 92660

1  claim for relief against these moving Defendants. The conduct does not meet the

2  requirement of outrageous conduct.

3  **Fourth Claim for Relief for Breach of Contract.**

4  This Motion to Dismiss the fourth claim for relief is made pursuant to

5  F.R.Civ.P. 12(b)(6) on the grounds this claim fails to state facts sufficient to state a

6  claim for relief against these moving Defendants. The Amended Complaint does

7  not allege any breach, which terms were allegedly breached, when, how, or by

8  whom any breach occurred.

9  **Motion to Strike Immaterial, Impertinent, and Scandalous Allegations.**

10  Alternatively, pursuant to F.R.Civ.P. 12(f), Defendants move this Court to

11  strike numerous immaterial, impertinent, and scandalous allegations in the

12  Amended Complaint.

13  This Motion is made following the conference of counsel for Defendants

14  and pro se Plaintiff, pursuant to L.R. 7-3, which took place on July 6, 2022, via

15  email communication.

16  This Motion is based upon this Notice, the Memorandum of Points and

17  Authorities attached hereto, this Court's file, and upon such further evidence and

18  argument as may be properly presented at or before the hearing.

19

20  Dated: July 13, 2022                          Respectfully submitted,

21                                                **DAILY LAW GROUP**

22

23

24                                                _____
                                                  James R. Daily, Esq.

25                                                Attorneys for Defendants
                                                  JOHN DEMARCO; JAMES D.

26                                                DAILY; and STASSI MEDIA GROUP
                                                  LLC

27

28

**DEFENDANTS' NOTICE OF MOTION**


DAILY LAW GROUP
And Justice for All

1

## **TABLE OF CONTENTS**

I.      INTRODUCTION...................................................................................... 1

II.     LEGAL STANDARD ON MOTION TO DISMISS................................... 2

III.    PERTINENT FACTUAL ALLEGATIONS AGAINST DEFENDANTS DAILY,
        DEMARCO, AND STASSI ....................................................................... 3

IV.     THE FIRST CLAIM FOR FRAUD FAILS TO STATE A CLAIM FOR
        RELIEF AGAINST THE MOVING DEFENDANTS.................................. 4

        A.    The Amended Complaint Does Not Plead Fraud With The Requisite
              Particularity. .............................................................................. 5

              i.    Fraud is not plead with sufficient particularity against Defendant
                    Daily. ............................................................................... 5

              ii.   Fraud is not plead with sufficient particularity against Defendants
                    DeMarco or Stassi. ........................................................... 6

        B.    The Alleged Fraudulent Misrepresentations Are Not Actionable Fraud....... 7

        C.    Plaintiff Has Alleged No Cognizable Injury, Nor Has he Plead Any
              Actual Damages, Resulting From The Alleged Fraud. ................................. 8

        D.    Plaintiff Has Not Sufficiently Alleged A Theory Of Vicarious Liability. ..... 8

V.      THE SECOND CLAIM FOR COPYRIGHT INFRINGEMENT FAILS TO
        STATE A CLAIM FOR RELIEF AGAINST THE MOVING DEFENDANTS...... 9

        A.    An Implied License To Use Copyrighted Work Is A Defense To
              Copyright Infringement.............................................................. 9

        B.    Plaintiff's Claim Is Based Entirely On His Theory Of Fraud And Is Not
              Plead With The Requisite Specificity......................................... 10

VI.     THE THIRD CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL
        DISTRESS FAILS TO STATE A CLAIM FOR RELIEF AGAINST THE
        MOVING DEFENDANTS .....................................................................11

VII.    THE FOURTH CLAIM FOR BREACH OF CONTRACT FAILS TO STATE A
        CLAIM FOR RELIEF AGAINST THE MOVING DEFENDANTS.................. 12

VIII.   MOTION TO STRIKE IMMATERIAL, IMPERTINENT, AND
        SCANDALOUS MATTER – FED.R.CIV.P. 12(F)................................. 13

        A.    Alternatively, Pursuant to FRCP 12(f), this Court should Strike the
              Portions of the Complaint that are Immaterial, Impertinent, and
              Scandalous.................................................................................. 13

IX.     LEAVE TO AMEND SHOULD BE DENIED ..................................... 17

X.      CONCLUSION ..................................................................................... 17

_DAILY LAW GROUP_
610 Newport Center Drive, Suite 1200
Newport Beach, CA 92660

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



## **TABLE OF AUTHORITIES**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DAILY LAW GROUP
610 Newport Center Drive, Suite 1200
Newport Beach, CA 92660

# TABLE OF AUTHORITIES

**Page(s)**

**Case Law**

A&M Records v. Napster, Inc.,
    239 F.3d 1004 (2001) ............................................................................ 10

Ashcroft v. Iqbal,
    446 U.S. 662 (2009) ............................................................................. 5

Ashcroft v. Iqbal,
    556 U.S. 662 (2009) ............................................................................. 2

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007) ........................................................................ 2, 3

Bovee v. Coopers & Lybrand C.P.A.,
    272 F.3d 356 (6th Cir. 2001) ............................................................ 2

Cansino v. Bank of America,
    224 Cal.App.4th 1462 (2014) ........................................................... 7

Cavalier v. Random House, Inc.,
    297 F.3d 815 (9th Cir. 2002) ........................................................... 9

Christensen v. Superior Court,
    54 Cal.3d 868 (1991) ...................................................................... 11

Clark v. McClurg,
    215 Cal. 279 (1932) .......................................................................... 8

Cooper v. Pickett,
    137 F.3d 616 (9th Cir. 1997) ........................................................... 4

Culinary Studios, Inc. v. Newsom,
    517 F. Supp. 3d 1042 (E.D. Cal. 2021) ..................................... 3, 6, 7

Davidson v. John Deere & Co.,
    644 F. Supp. 707 (N.D. Ind. 1986) ................................................ 13

Dura Pharms., Inc. v. Broudo,
    544 U.S. 336 (2005) ...................................................................... 6, 7


DAILY LAW GROUP
And Justice for All

Erickson v. Pardus,
    551 U.S. 89 (2007) ............................................................................. 2

Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,
    499 U.S. 340 (1991) ........................................................................... 9

Giuliano v. Everything Yogurt, Inc.,
    819 F. Supp. 240 (E.D.N.Y. 1993) ................................................. 13

Gordon v. City of Oakland,
    627 F.3d 1092 (9th Cir. 2010) ........................................................ 17

James v. Public Finance Corp.,
    47 Cal.App.3d 995 (1975) ................................................................. 8

Kearns v. Ford Motor Co.,
    567 F.3d 1120 (9th Cir. 2009) .......................................................... 4

Khalid Bid Talal v. E.F. Hutton & Co.,
    720 F. Supp. 671 (N.D. Ill. 1989) ................................................... 13

Kumaraperu v. Feldsted,
    237 Cal.App.4th 60 (2015) .............................................................. 12

In re MDC Holdings Securities Litigation,
    754 F. Supp. 785 (S.D. Cal. 1990) ............................................... 6, 7

Moore v. Kayport Package Express, Inc.,
    885 F.2d 531 (9th Cir. 1989) ......................................................... 4, 5

S.O.S., Inc. v. Payday, Inc.,
    886 F.2d 1081 (9th Cir. 1989) .......................................................... 9

Semegen v. Weidner,
    780 F.2d 727 (9th Cir. 1985) ............................................................ 5

Sidney-Vinstein v. A.H. Robins Co.,
    697 F.2d 880 (9th Cir. 1983) .......................................................... 13

Stack v. Lobo,
    903 F. Supp. 1361 (N.D. Cal. 1995) ............................................ 6, 7

Vess v. Ciba-Geigy Corp. USA,
    317 F.3d 1097 (9th Cir. 2003) ............................................... 4, 10, 11

DAILY LAW GROUP
610 Newport Center Drive, Suite 1200
Newport Beach, CA 92660



DAILY LAW GROUP
And Justice for All

**TABLE OF AUTHORITIES**

Werschkull v. United California Bank,
    85 Cal.App.3d 981 (1978) .......................................................................... 8

Williams v. Jader Fuel Co.,
    944 F.2d 1388 (7th Cir. 1991) ................................................................. 13

**State Statutes**

Cal. Civ Code §3294 .................................................................................... 8

**Federal Authorities**

Federal Rules of Civil Procedure Rule 8 ................................................ 6, 7

Federal Rules of Civil Procedure Rule 9 ............................... 4, 5, 7, 10, 12

Federal Rules of Civil Procedure Rule 12 .......................................... *passim*

Federal Rules of Civil Procedure Rule 11 ................................................ 14



DAILY LAW GROUP
610 Newport Center Drive, Suite 1200
Newport Beach, CA 92660

**TABLE OF AUTHORITIES**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

The Amended Complaint does not contain any facts that would entitle Plaintiff to relief. Because the Amended Complaint simply recounts portions of allegations made under weak conclusions and general terms such as "all defendants behaved incorrectly," his second try to sufficiently plead his claims fails.

The Court need not accept the Plaintiff's legal conclusions stated as facts. In this instance, the insufficient factual allegations made by the Plaintiff fall short. What is clear, both Mr. Daily and Mr. DeMarco made no representations to Plaintiff; and the Stassi Contract provisions and incorporation clause contain all of the terms and any representations or warranties. (Exhibit B to the original Complaint, Court Document 1, Page ID # 24-33 [Section 9 "Representations and Warranties;" Section 14 "Complete Agreement" (acknowledging that this Agreement "supersedes all prior written or oral agreements and understandings"); Section 16 "Acknowledgment and Consent" (acknowledging that each party has read the terms, they are fair and reasonable, instructed to seek independent counsel, has had the opportunity to do so, gives full informed consent")].)

The Plaintiff's attitude of hatred toward the Defendants' personalities, which he targets with potshots throughout the Amended Complaint, is inexplicable. Despite having never met them until after the contract was signed and the job was completed, he devotes an inordinate amount of text to describing their personal traits and attacking them on a personal level rather than addressing the legal issues at hand. This sort of behavior does nothing to further his case or make him seem like a credible individual. Ad homonyms are easy for those who paid nothing, gave up nothing, and expected everything. But the contract itself defined all such rights, duties, and obligations.

Finally, and in the alternative, Defendants request that numerous statements that are immaterial, impertinent, scandalous, and clearly intended only to pressure and

DAILY LAW GROUP
610 Newport Center Drive, Suite 1200
Newport Beach, CA 92660

**MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO STRIKE**

prejudice the Defendants be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

For all of the reasons stated herein, the claims against the Defendants should be dismissed with prejudice, or in the alternative, the immaterial, impertinent, and scandalous statements should be stricken from the Amended Complaint.

## II.    LEGAL STANDARD ON MOTION TO DISMISS

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss for failure to state a claim upon which relief can be granted.

A plaintiff must state "enough facts to state a claim to relief that is plausible on its face. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007), quoting Fed.R.Civ.P. 8(a)(2).

In resolving a 12(b)(6) motion under <u>Twombly</u>, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). Nor must the Court "accept as true a legal conclusion couched as a factual allegation." <u>Id.</u> at 678-80, quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." <u>Id.</u> at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." <u>Id.</u>

This standard requires more than bare assertions of legal conclusions. <u>Bovee v.</u>

DAILY LAW GROUP
610 Newport Center Drive, Suite 1200
Newport Beach, CA 92660



1   <u>Coopers & Lybrand C.P.A.</u>, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic

2   recitation of the elements of a cause of action will not do." <u>Bell Atl. Corp. v. Twombly</u>,

3   550 U.S. 544, 555 (2007).

4       Accordingly, "[a] plaintiff who sues multiple defendants must allege the basis of

5   his claim against each defendant," and must "allege what role each Defendant played

6   in the alleged harm." <u>Culinary Studios, Inc. v. Newsom</u>, 517 F. Supp. 3d 1042, 1074

7   (E.D. Cal. 2021), citing <u>Inman v. Anderson</u>, 294 F. Supp. 3d 908, 919 (N.D. Cal.

8   2018).

9   **III.    PERTINENT FACTUAL ALLEGATIONS AGAINST DEFENDANTS**

10  **DAILY, DEMARCO, AND STASSI**

11      The specific and relevant allegations as they pertain to Defendants Daily,

12  DeMarco, and Stassi are summarized as follows:

13      1.  Paragraph 32 admits that "[d]espite the Plaintiff's reservations, he took a leap of

14  faith and signed the agreement."

15      2.  Paragraph 41 admits that Plaintiff agreed "to move forward with the

16  Defendants, and states that Plaintiff received a signed copy of the Agreement, which is

17  attached to the original Complaint as Exhibit B (See Court Document 1, Page ID # 24-

18  33).

19          a.  The Agreement is entered only between McCrudden and Defendant

20          Stassi. (See Court Document 1, Page ID # 24-33).

21      3.  Paragraph 52 alleges the first of only two total communications that occurred

22  between Plaintiff and Defendant DeMarco—a March 2, 2022 phone call during which

23  it is alleged that Defendant DeMarco was angry that Plaintiff had "contacted past

24  relationships seeking any information to verify the stories he was told over many

25  months."

26      4.  Paragraph 53 alleges the first and only communication that occurred between

27  Plaintiff and Defendant Daily—a March 3, 2022 email that Plaintiff sent to Defendant

28  Daily to which Defendant Daily simply responded that he was in trial and defers all

DAILY LAW GROUP
610 Newport Center Drive, Suite 1200
Newport Beach, CA 92660



**MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO STRIKE**

1  questions to Defendant DeMarco, but that the Agreement itself outlines the terms of

2  the relationship. "It was the first direct communication with Daily." (Amended

3  Complaint ¶ 53.)

4    5.  Paragraph 54 alleges the second of only two total communications that occurred

5  between Plaintiff and Defendant DeMarco—a March 3, 2022 phone call during which

6  it is alleged that Defendant DeMarco asked "if there is any way forward," and Plaintiff

7  agreed.

8  **IV.  THE FIRST CLAIM FOR FRAUD FAILS TO STATE A CLAIM FOR**

9  **RELIEF AGAINST THE MOVING DEFENDANTS**

10    To determine if the elements of fraud have been plead to state a cause of action,

11  the federal courts look to state law. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097,

12  1103 (9th Cir. 2003). The elements of a cause of action for fraud in California are: "(a)

13  misrepresentation (false representations, concealment, or nondisclosure); (b)

14  knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d)

15  justifiable reliance; and (e) resulting damage." Kearns v. Ford Motor Co., 567 F.3d

16  1120, 1126 (9th Cir. 2009), quoting Engalla v. Permanente Med. Group, Inc., 15

17  Cal.4th 951, 974 (1997).

18    Additionally, under Rule 9(b) of the Federal Rules of Civil Procedure, a plaintiff

19  must plead each element of a fraud claim with particularity, i.e., the plaintiff "must set

20  forth more than the neutral facts necessary to identify the transaction." Cooper v.

21  Pickett, 137 F.3d 616, 625 (9th Cir. 1997) (emphasis in original), quoting Decker v.

22  GlenFed, Inc., 42 F.3d 1541, 1548 (9th Cir. 1994). Accordingly, a fraud claim must be

23  accompanied by "the who, what, when, where, and how" of the fraudulent conduct

24  charged. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003), quoting

25  Cooper v. Pickett, 137 F.3d 616, 627. The plaintiff must include statements regarding

26  the time place and nature of the alleged fraudulent activities, and must specifically

27  identify what was misrepresented or concealed so as to give the opposing party notice

28  of the particular conduct which is alleged to constitute the fraud. Moore v. Kayport

DAILY LAW GROUP
610 Newport Center Drive, Suite 1200
Newport Beach, CA 92660

1   Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989). Merely making general

2   conclusory allegations of fraud, and then reciting a list of neutral facts, is not

3   sufficient. Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985).

4       **A. The Amended Complaint Does Not Plead Fraud With The Requisite**

5         **Particularity.**

6           **i.   Fraud is not plead with sufficient particularity against**

7                  **Defendant Daily.**

8       The Amended Complaint does not allege one single misrepresentation, or any

9   representations for that matter, made by Defendant Daily to Plaintiff. (See generally,

10  Amended Complaint.) On its face, the Amended Complaint fails to specify any actions

11  or conduct amounting to fraud or misrepresentation. The Amended Complaint admits

12  that Defendant Daily was not a party to the Agreement (Exhibit B to the original

13  Complaint, Court Document 1, Page ID # 24-33), and further admits that Plaintiff

14  never had any communication with Defendant Daily—other than a single email sent

15  by Plaintiff on March 3, 2022, to which Defendant Daily simply responded that he was

16  in trial (Amended Complaint ¶ 53).

17      With no specific allegations against Defendant Daily, the Amended Complaint

18  relies entirely on the conclusory allegation that Defendant Daily "colluded with the

19  other Defendants to steal the Plaintiff's copyrighted property through intentional false

20  misrepresentations and authored a false agreement he knew would not be honored."

21  (Amended Complaint ¶ 73.) The Amended Complaint further concludes that "all

22  named Defendants made false, intentional misrepresentations over a period of

23  months," and that "the Defendants represented to the Plaintiff numerous 'facts' as

24  'true.' " (Amended Complaint ¶ 69.)

25      However, legal conclusions are insufficient to plead fraud. See e.g., Ashcroft v.

26  Iqbal, 446 U.S. 662, 678 (2009); Moore v. Kayport Package Express, Inc., 885 F.2d

27  531, 540 (9th Cir. 1989). Therefore, the Amended Complaint fails to meet the strict

28  pleading requirements of F.R.C.P. Rule 9, as it does not "state with particularity the



5

circumstances constituting fraud." <u>In re MDC Holdings Securities Litigation</u>, 754 F. Supp. 785, 794 (S.D. Cal. 1990); <u>Stack v. Lobo</u>, 903 F. Supp. 1361, 1367 (N.D. Cal. 1995).

For these reasons, the Amended Complaint does not allege the basis of any claim against Defendant Daily, and therefore fails to provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests," in clear violation of Rule 8 of the Federal Rules of Civil Procedure. <u>Dura Pharms., Inc. v. Broudo</u>, 544 U.S. 336, 346 (2005); <u>Culinary Studios, Inc. v. Newsom</u>, 517 F. Supp. 3d 1042, 1074 (E.D. Cal. 2021).

Therefore, the Amended Complaint fails to state a claim upon which relief can be granted and the Amended Complaint must be dismissed as to Defendant Daily pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### ii. Fraud is not plead with sufficient particularity against Defendants DeMarco or Stassi.

Similarly, as for Defendants DeMarco and Stassi, the Complaint fails to allege any specific "misrepresentations" made by either Defendant. Rather, the Complaint vaguely concludes that "all named Defendants made false, intentional misrepresentations over a period of months," that "the Defendants represented to the Plaintiff numerous 'facts' as 'true'," and that Defendant DeMarco "made numerous false representations to the Plaintiff he knew to be false." (Amended Complaint ¶¶ 69-70, 72).

At no point does the Amended Complaint specify any representations that Defendant DeMarco made to Plaintiff, which could conceivably constitute fraud or misrepresentation. Nor does the Amended Complaint allege that the Agreement contained any misrepresentations or is in any way fraudulent.

In fact, the only communications alleged to have occurred between Plaintiff and DeMarco are two phone calls on March 2 and 3 of 2022. (See Amended Complaint ¶¶

DAILY LAW GROUP
610 Newport Center Drive, Suite 1200
Newport Beach, CA 92660



**MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO STRIKE**

52, 54.) However, the Complaint does not allege that any representations, let alone any "misrepresentations," were made by DeMarco during either of those phone calls. (Id.)

Therefore, the Amended Complaint does not allege the basis of a claim for fraud or misrepresentation against Defendants DeMarco or Stassi, and therefore fails to provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests," in clear violation of Rule 8 of the Federal Rules of Civil Procedure. Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005); Culinary Studios, Inc. v. Newsom, 517 F. Supp. 3d 1042, 1074 (E.D. Cal. 2021).

Further, in clear violation of Rule 9 of the Federal Rules of Civil Procedure, Plaintiff's ambiguous and conclusory allegation that "numerous false representations" were made by Defendants, without alleging that DeMarco or Stassi made any specific "representations" whatsoever, is entirely too conclusory and general and does not provide Defendants DeMarco or Stassi with notice of the claims made against them. In re MDC Holdings Securities Litigation, 754 F. Supp. 785, 794 (S.D. Cal. 1990); Stack v. Lobo, 903 F. Supp. 1361, 1367 (N.D. Cal. 1995).

Therefore, the Amended Complaint fails to state a claim upon which relief can be granted and the Complaint must be dismissed as to Defendants DeMarco and Stassi pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**B. The Alleged Fraudulent Misrepresentations Are Not Actionable Fraud.**

"The law is well established that actionable misrepresentations must pertain to past or existing material facts. Statements or predictions regarding future events are deemed to be mere opinions which are not actionable." Cansino v. Bank of America, 224 Cal.App.4th 1462, 1469 (2014).

Here, not only has Plaintiff failed to specifically identify any actual representations made by the moving Defendants, but Plaintiff has failed to allege any statements of a past or existing fact designed to defraud the Plaintiff.

Therefore, the Amended Complaint fails to state a claim upon which relief can be granted and the Complaint must be dismissed as to Defendants Daily, DeMarco,

DAILY LAW GROUP
610 Newport Center Drive, Suite 1200
Newport Beach, CA 92660

**MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO STRIKE**

and Stassi pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**C. Plaintiff Has Alleged No Cognizable Injury, Nor Has he Plead Any Actual Damages, Resulting From The Alleged Fraud.**

Plaintiff has alleged no cognizable injury—because he has not suffered any. Under the Agreement, McCrudden was not required to pay any money and he would still share in any profits. (Exhibit B to the original Complaint, Court Document 1, Page ID # 24-33.) McCrudden was not even required to give up any ownership of his copyrighted material—as explicitly affirmed by Section 8 of the Agreement. (Id.)

Additionally, the Complaint does not plead any actual damages, but only pleads punitive damages. However, it is well settled in California that punitive damages cannot be awarded unless actual damages are suffered. Werschkull v. United California Bank, 85 Cal.App.3d 981, 1002 (1978); Cal. Civ Code §3294. This rule is based on the principle that the defendant must have committed a tortious act, i.e., an actionable wrong causing injury or damage, before punitive damages may be assessed. Clark v. McClurg, 215 Cal. 279, 282 (1932); James v. Public Finance Corp., 47 Cal.App.3d 995, 1000-1001 (1975).

Therefore, the Amended Complaint fails to state a claim upon which relief can be granted and the Complaint must be dismissed as to Defendants Daily, DeMarco, and Stassi pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**D. Plaintiff Has Not Sufficiently Alleged A Theory Of Vicarious Liability.**

Notwithstanding the fact that Plaintiff has failed to sufficiently plead fraud against any Defendant in this action, should Plaintiff's claim against Defendant McFarlin survive, Plaintiff has not sufficiently alleged any theory of vicarious liability.

Plaintiff offers the conclusory allegation that Defendant McFarlin "acted as an agent/employee/servant/partner/officer/contractor, etc., of Defendants Stassi, DeMarco and Daily." (Amended Complaint ¶ 71.) However, this is insufficient to allege a theory of vicarious liability. Plaintiff does not allege that any of the Defendants informed, or suggested to, Plaintiff that Ms. McFarlin was authorized to act on their behalf. Nor

DAILY LAW GROUP
610 Newport Center Drive, Suite 1200
Newport Beach, CA 92660



1  does Plaintiff allege the nature or scope of any agency relationship between any of the
2  Defendants.

3      To the contrary, the allegations make clear that Defendant McFarlin was at all
4  times acting as an agent of Plaintiff, and was not only hired by Plaintiff through
5  UpWork but was paid by Plaintiff for her work on his behalf. (See e.g., Complaint ¶
6  14.)

7      Therefore, even if Plaintiff's fraud claims against Defendant McFarlin survive,
8  he has not sufficiently plead a theory of vicarious liability.

## V.   THE SECOND CLAIM FOR COPYRIGHT INFRINGEMENT FAILS TO STATE A CLAIM FOR RELIEF AGAINST THE MOVING DEFENDANTS

12     The basic elements of a claim for copyright infringement are (1) ownership of a
13  valid copyright in a work and (2) copying of protected elements from that work. Feist
14  Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991); Cavalier v. Random
15  House, Inc., 297 F.3d 815, 822 (9th Cir. 2002).

16     In addition, registration of the copyright, while "not a prerequisite to a valid
17  copyright,…is a prerequisite to suit." S.O.S., Inc. v. Payday, Inc., 886 F.2d 1081, 1085
18  (9th Cir. 1989), citing 17 U.S.C. §§ 408(a) and 411. Therefore, to succeed on a claim
19  for infringement, a plaintiff must show (1) that the plaintiff is the owner of the subject
20  copyright, (2) that the copyright has been registered, and (3) that the defendant has
21  infringed on protected elements of the copyrighted work.

### A.  An Implied License To Use Copyrighted Work Is A Defense To Copyright Infringement.

24     Defendants have a complete defense of consent to the claim for copyright
25  infringement.

26     A license is a complete defense to a claim of copyright infringement. A
27  copyright owner may grant a nonexclusive license expressly or impliedly through
28  conduct. An implied license can be found where the copyright holder engages in

DAILY LAW GROUP
610 Newport Center Drive, Suite 1200
Newport Beach, CA 92660



9

**MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO STRIKE**

conduct from which the other party may properly infer that the owner consents to his use. Consent to use the copyright work need not be manifested verbally and may be inferred based on silence where the copyright holder knows of the use and encourages it. A&M Records v. Napster, Inc., 239 F.3d 1004, 1026 (2001).

The undisputed facts are that McCrudden and Defendant Stassi executed an Agreement to republish his book, among other things. If any Defendant copied Plaintiff's copyrighted work, which is unclear from the Amended Complaint, there was at least an implied consent which is a complete defense to this claim.

Regardless, Section 8 of the Agreement amounts to an express license to use Plaintiff's copyrighted materials—where it explicitly states that Plaintiff retains the rights to the copyright, despite Defendant Stassi's efforts to develop and market the materials. (Exhibit B to the original Complaint, Court Document 1, Page ID # 24-33.)

Therefore, the Amended Complaint fails to state a claim upon which relief can be granted and the Complaint must be dismissed as to Defendants Daily, DeMarco, and Stassi pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**B. Plaintiff's Claim Is Based Entirely On His Theory Of Fraud And Is Not Plead With The Requisite Specificity.**

Plaintiff's claim for copyright infringement is based entirely on his theory of fraud and it must fail for lack of particularity as previously discussed. See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103-1104 (9th Cir. 2003) ["In some cases, the plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim. In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)."]

Therefore, the Amended Complaint fails to state a claim upon which relief can be granted and the Complaint must be dismissed as to Defendants Daily, DeMarco, and Stassi pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

DAILY LAW GROUP
610 Newport Center Drive, Suite 1200
Newport Beach, CA 92660

10

## VI.    THE THIRD CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS FAILS TO STATE A CLAIM FOR RELIEF AGAINST THE MOVING DEFENDANTS

The elements of the tort of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. <u>Christensen v. Superior Court</u>, 54 Cal.3d 868, 903 (1991). For conduct to be "outrageous", it "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." <u>Id.</u> The defendant must have engaged in conducted intended to inflict injury or engaged in with the realization that injury will result. <u>Id.</u>

Plaintiff offers only simple recitations of elemental requirements, deficiently conclusive allegations, in support of this claims. Paragraph 82 concludes that the "Defendants acted, negligently intentionally and all [sic] complete disregard to the Plaintiff's well-being. They exploited the Plaintiff's faith for their own selfish benefits." These allegations do not sufficiently state a claim for intentional infliction of emotional distress—as no "extreme and outrageous conduct" is alleged. No particular conduct by any of the multiple Defendants is specified whatsoever. Plaintiff's allegation is nothing more than a bare-bones recitation of the elemental requirements and severely lacks any factual allegations that would allow the Defendants to respond.

Even further, assuming that Plaintiff's claim for intentionally infliction of emotional distress is based entirely on his theory of fraud, it must fail for lack of particularity as previously discussed. See <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1103-1104 (9th Cir. 2003) ["In some cases, the plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim. In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,'

DAILY LAW GROUP
610 Newport Center Drive, Suite 1200
Newport Beach, CA 92660

**MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO STRIKE**



and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)."]

Therefore, the Amended Complaint fails to state a claim upon which relief can be granted and the Complaint must be dismissed as to Defendants Daily, DeMarco, and Stassi pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## VII.  THE FOURTH CLAIM FOR BREACH OF CONTRACT FAILS TO STATE A CLAIM FOR RELIEF AGAINST THE MOVING DEFENDANTS

To sufficiently plead a claim for breach of contract, a plaintiff must allege (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) that damage to plaintiff resulting from the defendant's breach <u>Kumaraperu v. Feldsted</u>, 237 Cal.App.4th 60, 70 (2015).

The fourth cause of action for breach of contract is completely devoid of any factual allegations whatsoever—simply concluding that there existed a contract between Plaintiff and Defendants, and that "Defendants materially breached" the agreement.

However, as to Defendant Daily, the Amended Complaint fails to allege any agreement that was entered by Defendant Daily, and fails to allege how Defendant Daily, who was not a party to any agreement, could have "materially breached."

Additionally, the Amended Complaint fails to allege in what way Defendants DeMarco and/or Stassi "materially breached" the agreement. There is no allegation that the Agreement was breached, which terms were breached, when, how, or by whom.

Even further, the Complaint fails to allege how Plaintiff was harmed as a result of any such "material breach" of the agreement.

Therefore, the Amended Complaint fails to state a claim upon which relief can be granted and the Complaint must be dismissed as to Defendants Daily, DeMarco, and Stassi pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

DAILY LAW GROUP
610 Newport Center Drive, Suite 1200
Newport Beach, CA 92660

**MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO STRIKE**

DAILY LAW GROUP
610 Newport Center Drive, Suite 1200
Newport Beach, CA 92660

## VIII.    MOTION TO STRIKE IMMATERIAL, IMPERTINENT, AND SCANDALOUS MATTER – FED.R.CIV.P. 12(F)

Under Federal Rule of Civil Procedure 12(f), a party may move to strike from a pleading any redundant, immaterial, impertinent, or scandalous material. Fed.R.Civ.P. 12(f). The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

An allegation is impertinent or immaterial when it is neither responsive nor relevant to the issues involved in the action. Williams v. Jader Fuel Co., 944 F.2d 1388, 1399 (7th Cir. 1991), cert. denied, 504 U.S. 957 (1992). Pleadings containing unnecessary allegations, conclusions, or evidence beyond a short and plain statement of the grounds for relief may be challenged as impertinent by a motion to strike. Giuliano v. Everything Yogurt, Inc., 819 F. Supp. 240, 246 (E.D.N.Y. 1993).

"Scandalous" generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court. Khalid Bid Talal v. E.F. Hutton & Co., 720 F. Supp. 671, 686 (N.D. Ill. 1989).

Finally, an allegation is "redundant" when it essentially repeats another claim in the same complaint. Davidson v. John Deere & Co., 644 F. Supp. 707, 712-713 (N.D. Ind. 1986).

### A.    Alternatively, Pursuant to FRCP 12(f), this Court should Strike the Portions of the Complaint that are Immaterial, Impertinent, and Scandalous.

Alternatively, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Defendants respectfully request that this Court strike the following portions of the Amended Complaint, which are immaterial, impertinent, and scandalous:

Paragraph 60 of the Amended Complaint reads as follows: "Not once in his pleadings has Daily stated his or his other Defendants innocence. Instead, he has



DAILY LAW GROUP
610 Newport Center Drive, Suite 1200
Newport Beach, CA 92660

argued legal procedure against a Pro Se Plaintiff, but most importantly, deliberately violated F.R.Civ.P Rule 12(f) by continually submitting irrelevant, immaterial and scandalous material he knows were not pertinent to the pleadings by the Plaintiff. His role in the fraud to steal the Plaintiff's only remaining valuable asset, and then to add injury to insult, to personally character assassinate the Plaintiff to try and bias and prejudice the Court is morally repugnant. Although currently being investigated by the California State Bar and State and Federal Authorities for conspiracy to commit securities fraud, Daily should also be sanctioned by this Court for his violations of Rule 12(f) pursuant to Rule 11(b). The Court need not wait for a Plaintiff motion to uphold the integrity of the Courts." This statement is not relevant to the issues, does not advance any conceivable cause of action, and is meant only to distract the court from the issues of this case. This statement impugns the Defendant James Daily's moral character and detracts from the dignity of the court. Therefore, this statement must be stricken, as it is immaterial, impertinent, scandalous, and calculated only to unduly prejudice the Defendants.

Paragraph 61 of the Amended Complaint reads as follows: "In Daily's motion for a more definite statement, he submitted two agreements, one signed, one not. Although those agreements are now null and void, in them was language that Stassi was going to not only promote the book which was the Plaintiff's true story, but promote the Plaintiff' himself en mass to the public through social media and interviews. Kathleen McFarlin stated that they had vetted many stories, but chose the Plaintiff's to "lead with." Defendants are limited to responding to allegations in the pleadings. Period. It is not only a violation to submit the immaterial and irrelevant exhibits that he has, but it is in direct contradiction to the terms of the agreements that HE submitted? This is hypocrisy. He even got away with writing a long irrelevant email to the Plaintiff (Def Exhibit B, Dkt 22-1), and then submitted it as an Exhibit? This is insane and it is not going to be tolerated by the Plaintiff." This statement is not relevant to the issues, does not advance any conceivable cause of action, and is meant

DAILY LAW GROUP
610 Newport Center Drive, Suite 1200
Newport Beach, CA 92660

only to distract the court from the issues of this case. This statement impugns the Defendant James Daily's moral character and detracts from the dignity of the court. Therefore, this statement must be stricken, as it is immaterial, impertinent, scandalous, and calculated only to unduly prejudice the Defendants.

Paragraph 62 of the Amended Complaint reads as follows: "On Saturday June, 28, 2022, the Plaintiff received an email from a man named James G. Wallgren. He is currently a victim of the Defendants that has been ongoing 2 years. He wrote and self-published a book on Amazon titled; "The Last Tackle: Finding Courage in the Face of Adversity." (The Last Tackle: Finding Courage in the Face of Adversity: Wallgren, James G: 9781735139418: Amazon.com: Books ). In a football game in Texas 40 years ago at the age of 15, Mr. Wallgren made his last tackle as he became paralyzed and a quadriplegic the rest of his life. He published his book on June 7, 2020. Mr. Wallgren stated that he had been offered to "invest" in a 90-minute movie project based entirely on his book. He had been told by Defendant McFarlin, that a producer in Hollywood (Defendant DeMarco) with the backing of movie financiers, Empire Media Partners, wanted to invest in the "project". McFarlin stated falsely, "many people are jumping on board. It's a great opportunity." Mr. Wallgren told McFarlin that he was open to sell/license his book rights for the project, but was cautioned by McFarlin he would lose his creative rights and it "would be best to come into the project as a producer". Mr. Wallgren was told that his investment of $50k was needed to get the project started, but that they would "let him in" with just $25k to be paid back with interest and a "producers point". There was no project. The Defendants stole Mr. Wallgrens money. The Defendants then tried to convince him to unpublish his book on Amazon so that they could affix the Stassi Media logo on the cover and spine. Fortunately, Mr. Wallgren came across the Plaintiff's complaint online and he is now wiser to the Defendants modus operandi and fraud. The Defendants have now reached a new low for humanity in stealing not only money from a quadriplegic, but his own tragic story." This statement is not relevant to the issues, does not advance any

**MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO STRIKE**

conceivable cause of action, and is meant only to distract the court from the issues of this case. This statement impugns the Defendants' moral character and detracts from the dignity of the court. Therefore, this statement must be stricken, as it is immaterial, impertinent, scandalous, and calculated only to unduly prejudice the Defendants.

Paragraph 63 of the Amended Complaint reads as follows: "On June 28, 202, the Plaintiff was contacted by Marc and Eliza Rosenblatt. Defendants McFarlin and DeMarco stole her tragic story, stole $40k under false misrepresentations, won't return her story or money, and incredibly, McFarlin has a sizzle reel on her website asking for "donations" to tell Eliza's story." This statement is not relevant to the issues, does not advance any conceivable cause of action, and is meant only to distract the court from the issues of this case. This statement impugns the Defendants' moral character and detracts from the dignity of the court. Therefore, this statement must be stricken, as it is immaterial, impertinent, scandalous, and calculated only to unduly prejudice the Defendants.

Paragraph 65 of the Amended Complaint reads as follows: "Evident from the Defendants Daily's pleadings is a Defense strategy that Daily has advised McFarlin to not answer the complaint and default, so that Daily and DeMarco can unlawfully claim they knew nothing. The facts that Daily had McFarlin submit a declaration (Dkt #22-2), but won't answer or represent her in the complaint is proof, and incredibly, even as this case proceeds in a federal court, McFarlin continues to defraud people." This statement is not relevant to the issues, does not advance any conceivable cause of action, and is meant only to distract the court from the issues of this case. This statement impugns the Defendants' moral character and detracts from the dignity of the court. Therefore, this statement must be stricken, as it is immaterial, impertinent, scandalous, and calculated only to unduly prejudice the Defendants.

Therefore, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Defendants respectfully request that this Court strike each of these portions of the Amended Complaint, which are immaterial, impertinent, and scandalous.



DAILY LAW GROUP
610 Newport Center Drive, Suite 1200
Newport Beach, CA 92660

## IX.    LEAVE TO AMEND SHOULD BE DENIED

Leave to amend is properly denied if amendment would be futile. See <u>Gordon v. City of Oakland</u>, 627 F.3d 1092, 1094 (9th Cir. 2010).

Here, Plaintiff has now attempted twice to cure the defects in his Complaint, but still cannot identify what new allegations might save his claims against the Defendants as identified herein. Accordingly, amendment would be futile, and leave to amend should be denied.

## X.    CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court issue an Order granting the Motion in its entirety, dismissing all claims against Defendants James D. Daily, John DeMarco and Stassi Media Group LLC. Alternatively, Defendants respectfully request that this Court issue an Order striking the portions of the complaint that are immaterial, impertinent, and scandalous.

Dated: July 13, 2022

Respectfully submitted,

**DAILY LAW GROUP**

_____
James D. Daily, Esq.
Attorneys for Defendants
James D. Daily, John DeMarco
and Stassi Media Group LLC

**MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO STRIKE**

**PROOF OF SERVICE**

STATE OF CALIFORNIA        )
                          )  ss.
COUNTY OF ORANGE          )

I, the undersigned, am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action. I am employed by Daily Law Group, whose business address is: 610 Newport Center Drive, Suite 1200, Newport Beach, California 92660 (the "firm").

On July 13, 2022, I served the foregoing document(s) described as **DEFENDANTS JOHN DEMARCO, JAMES D. DAILY, AND STASSI MEDIA GROUP LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6), OR IN THE ALTERNATIVE, MOTION TO STRIKE PURSUANT TO FED.R.CIV.P. 12(f)** on the following interested parties in this action in the manner specified below:

☒    **BY ELECTRONIC SERVICE:** I electronically served the aforementioned document(s) via the federal judiciary's national Public Access to Court Electronic records system ("PACER") to the following recipient:

Plaintiff Vincent McCrudden, in pro per
3942 Hillstead Lane
Jacksonville, FL 32216
(646) 220-9900
vm@alnbri.com

Defendants Kathleen McFarlin and
KATMAC Company LLC
Robert G. Klein, Esq.
LAW OFFICE OF ROBERT G. KLEIN
8383 Wilshire Blvd., Suite 935
Beverly Hills, CA 90211
(833) 997-5529
robert@kleinlitigation.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 13, 2022, at Newport Beach, California.

_/s/ Michael R. Jones_
Michael R. Jones