Vincent McCrudden
vm@alnbri.com
Pro Se – Plaintiff
3942 Hillstead Lane
Jacksonville, FL 32216
(646) 220-9900

**Document Electronically Filed**

United States District Court

Central District of California

Southern Division

| | | |
|---|---|---|
| Vincent McCrudden, | - | Judge James V. Selna |
| Plaintiff, | - | |
| v. | - | Civil Action No. 8:22-CV-00407 (JVS) (JDEx) |
| JOHN DEMARCO, JAMES D. DAILY, KATHLEEN MCFARLIN STASSI MEDIA GROUP, LLC Et, al. | - | **PLAINTIFF MOTION FOR SANCTIONS PURSUANT TO F.R.CIV.P. RULE 11(B) & 11 (c)** |
| Defendants | | |

_____

1

# TABLE OF CONTENTS

I.   Factual Statement of Plaintiff ……………………………………………………….3

II.  Federal Rule of Civil Procedure Rule 11……………………………………………..4

III. Violations ……………………………………………………………………………..6

IV.  Safe Harbor Provision  …………………………………………………………….14

V.   Conclusion  …………………………………………………………………………15

# TABLE OF AUTHORITIES

**Cases**

Baker v. Alderman
158 F.3d 516, 524 (11th Cir. 1998)……………………………………………………..6

Donaldson v. Clark
819 F. 2d 1551, 1556 11th Cir. 1987………………………………………………..…..6

Aetna Ins. V. Meeker
 953 F.2d 1328, 1334 11th Cir 1992)……………………………………………………10

**Statutes**

Federal Rule of Civil Procedure Rule 11…………………………………………….4, 5, 7 , 8, 9

Federal Rule of Civil Procedure Rule 12…………………………………………………7, 13

Federal Rule of Evidence Rule 201……………………………………………………..10

Federal Rule of Civil Procedure Rule 11(c)(2) Safe Harbor Provision………………….15

### I. <u>Factual Statement of Plaintiff</u>

Looking at this case from a short set of facts alone, the Plaintiff wrote a memoir and self-published it on Amazon in 2014. That memoir had been actively published on the Amazon website for 7 years. The Defendants and their lawyers, have been asked to account for egregious fraudulent behavior, and have responded with not only character assassination as their defense, but fraud upon the court now as well.

Currently, the Plaintiff's memoir, his true story, and what he has held in communications, was his only valuable asset left in his life, is currently being published on Amazon but with the Defendants bank account associated with it. In what Universe is this tolerated? What possible economic or other benefit would any author allow someone to simply copy and paste their story and attach their own bank account to it? This Court denied the Plaintiff's motion for a Temporary Restraining Order and Permanent Injunction without explanation (Dkt #23), and thus continued to allow this injustice to go on. And now, the Plaintiff/Victim is being victimized once again by character assassinations in Defendants pleadings which is a blatant violation of F.R.Civ.P. Rule 11(b).

For other victims of the Defendants who are watching these proceedings with interest, this type of abuse sends a chilling effect, and

lowers their confidence in the Court system. It also sends a message to any Plaintiff or victim that they should take matters into their own hands for justice and perform acts of violence or vigilantism instead of exposing themselves to further abuse.

## II.     Federal Rule of Civil Procedure Rule 11

Rule 11(c) gives the Court full discretion to punish conduct under which any signed representation to the Court such as pleadings, motions, declarations, etc., with the signee certifying that to the best of that person's knowledge, information and belief and formed after an inquiry reasonable under the circumstances, that those submissions:

A. Are warranted by exisiting law or by a **non-frivolous** argument. That denials of factual contentions are warranted on the evidence or, if specifically, so identified, are reasonably based on behalf or lack of information.

B. That factual contentions have evidentiary support, or, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery

C. That the claims, defenses, and other legal contentions are warranted by exiting law and not by **frivolous argument** for extending, modifying or reversing existing law or for establishing new law

D. And is not filed in **bad faith or** for an **improper purpose** such as **harassment,** or to cause unnecessary delay or needless increase in the cost of litigation.

The Court need not to wait for a motion to punish bad conduct and pursuant to Rule 11(c), on its own initiative, can enter an order describing the specific conduct that violates Rule 11(b), and directing an attorney, law firm, or party to show cause why it has not violated the rule. Additionally, a law firm shall be held jointly responsible for violations committed by its partners, associates and employees.

"Rule 11 sanctions are warranted when a party files a pleading that is filed in bad faith for an improper purpose." (*Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998*). "Rule 11 sanctions are designed to discourage dilatory or abusive tactics and help streamline the litigation process by lessoning frivolous claims or defenses." (*Donaldson v. Clark, 819 F. 2d 1551, 1556 11th Cir. 1987*). "Sanctions may be imposed for the purpose of deterrence, compensation and punishment." (*Aetna Ins. V. Meeker, 953 F.2d 1328, 1334 11th Cir 1992*).

Pursuant to Rule 11(c)(1), the following lawyers are eligible to be sanctioned as they have either filed an appearance, worked on or been

copied on pleadings, or are employed by the law firm responsible for the violations:

1. Daily Law Firm
2. Klein Litigation
3. James David Daily (Defendant) - #14669 (June 1990)
4. Michael Robert Jones – Attorney of Record - #306957 (Dec. 2015)
5. Danielle Montez
6. Scott James Kalter - #317211 (December 20017)
7. Robert Gary Klein - #128550 (June 1987)

### III.   Violations

Below are the violations pursuant to Rule 11:

1.  Defendant James D. Daily in both his signed Rule 12(b) motion to Dismiss (Dkt #16) (Signed by Michael Jones) and his signed declaration (Dkt 16-1), alluded to, and submitted an "Exhibit" that contained an email communication between the Plaintiff and a lawyer that shares the office with Daily named Alyssa White. This email was submitted in bad faith, was frivolous and had no probative value. Since it was added in his very first paragraph to the Court, it provided scienter as to his unlawful defense, which was to submit frivolous material and to character assassinate the Plaintiff in violation of Rule 11. This "defense" sole "intent" was to

somehow, someway, bias and prejudice the Court against the Plaintiff which is an **improper purpose**, with the improper intent that the Court will rule against the Plaintiff and ultimately dismiss the complaint against them. These types of frivolous arguments that don't attack the merits of the case or pleadings are a violation.

    2.  Defendant Daily in his signed Declaration (Dkt #16-1) under paragraph #10 feigns 'surprise" that he has been "informed" that the Plaintiff is a "convicted felon".  First, Daily is a partner of Stassi who through agreements, promised to promote the Plaintiff and his story for profit. That the Plaintiff's story was "selected" out of many. That story was one of an innocent person being unfairly targeted and prosecuted. Not only does Daily expose his scienter by utilizing the term "convicted felon" to bias and prejudice the Court in a defamatory connotation, he does so with an improper purpose that has no probative value and to harass the Plaintiff. Furthermore, in the same paragraph, Daily states that he "*performed a search of Pacer*" that "showed upwards of 20 cases where the Plaintiff is a Plaintiff." Again, this was submitted for an improper purpose to give the Court the impression that the Plaintiff was overly "*litigious*" which would hopefully, again. bias and prejudice the Court against the Plaintiff. Most importantly, this statement was entirely false. The Plaintiff has submitted 4

(Four) Federal Tort Claim Act lawsuits to hold accountable corrupt federal employees and agencies over many years. In fact, part of the compelling attributes of the Plaintiff's book, is the David versus Goliath efforts the Plaintiff used to hold powerful officials accountable. And Daily and Stassi hoped to profit off of that. Rule 11 states that it is a violation to make knowing untrue statements. That signed statements either have evidentiary support, or after a reasonable opportunity, have basis in truth after investigation or discovery. Here, Daily states he already did investigative work by doing a search on Pacer, but chose to commit perjury instead with the sole improper purpose of influencing the Court to have a bias and prejudice against the Plaintiff, which is a blatant and egregious violation of Rule 11.

    3.  Defendant Daily and Attorney Michael Jones in their signed brief in opposition to the Plaintiff's motion for a TRO and PI (Dkt #22), once again exhibited their scienter to simply defame the Plaintiff, and not address the merits of the complaint. On pages 8-9, under "Statement of Facts" they handpick certain sentences from letters written to Judges overseeing cases from 2014 and 2018.  How are lawful letters written years ago related to any Statement of Facts in this case? Of course, they aren't. Instead, as has been their modus operandi, they submitted them with the improper purpose

of trying to get this Court to become biased against the Plaintiff with the hopes of ruling against the Plaintiff and ultimately use that bias and prejudice to grant a summary judgement. First, Daily and Jones take a few sentences out of over 500 pleadings in those cases years ago out of context. The Plaintiff has no intention of playing into their games and try and relitigate those cases here. Does this Court expect to? If not, then it has no place in these proceedings. They are once again a solely frivolous submission made in bad faith for an improper purpose such as harassment, has no probative value in this case, and is a blatant and egregious violation of Rule 11(b).

It should be noted that the Court did indeed deny the Plaintiff's Motion for a TRO and PI without explanation. (Dkt #23).

Furthermore, Daily's and Jones signed submission for Request for Judicial Notice (Dkt #22-3), actually submits 5 letters written to various Judges over a number of years ago. Rule 201 of the Federal Rules of Evidence is limited in its scope. It is explicitly governs judicial notice of an adjudicative fact, not a legislative fact. **Adjudicative facts are those facts connected to the subject of the litigation.** They are entered for the sole purpose to give rise and must be proved to resolve the action. **Request for Judicial Notice must be made in good faith and be relevant to the**

**current case**. Their acceptance by the Court must contain two criteria: 1) it must have the tendency to make a fact more or less probable than it would be without the evidence and 2) it must be of consequence in determining the current action.

How are letters written to various Courts years ago relevant to the Defendants willful fraud, copyright infringement, infliction of emotional distress and breach of contract? Once again, this signed submission was made in bad faith for an improper purpose of trying to have this Court generate a bias and prejudice against the Plaintiff for the sole intent of having the Court rule against the Plaintiff unlawfully, and ultimately not allow the Plaintiff access to a jury, and grant a summary judgement or motion to dismiss. The submission alone was unlawful pursuant to the rules and Daily and Jones submitted it anyway knowingly in violation of Rule 201 and Rule 11.

If the true intentions of Daily and Jones and the other lawyers involved in this case were in *pursuit of the truth*, why not file a request of judicial notice that Stassi owns a movie studio in New Mexico? Submit all the "evidence" that McFarlin and Stassi have a "history and way" of making profitable movies over many years as they claimed? Submit all the evidence of all the movie credits that DeMarco, McFarlin and Stassi have?

At least submit a single evidentiary fact that can support a defense? They can't!

Submit affidavits or financial audited records of all these "profitable" movies over decades? Of course, they can't because they are con artists, defrauding numerous people including a quadriplegic.

4. In the submission of the Joint 26(f) Report (Dkt #32), Daily and Jones once again submit and sign not only blatant lies, but under Section E, Contemplated Law and Motion, they once again exaggerate and allude to extraneous information and communications in bad faith to state they are "contemplating" filing a motion to deem the Plaintiff a "*vexatious litigant*" pursuant to LAR 83-8 and possibly a restraining order. They cite completely untrue, irrelevant and frivolous statements outside pleadings of threats of gang violence, history of abusing the judicial process, harassment, refusal to participate, profanity and lack of civility. Once again, even if these so called "facts" were true, which they are not, how does it relate to the Defendants willful fraud, copyright infringement, infliction of emotional distress and breach of contract?  The definition of a vexatious litigant is a legal proceeding started with malice and without good cause. The complaint is meant to bother, embarrass, or cause legal expenses to the defendant. A Plaintiff who starts such litigation either knows or should

reasonably know that no legal basis for the lawsuit exists. The Plaintiff has made best efforts to be compliant although not an attorney, and has acted in good faith in every step of the way to seek justice and relief. He has offered the Defendants an opportunity to cease and desist (Dkt #17-2), he has offered a generous settlement (Dkt #17-5), all ignored by the Defendants, and his pleadings have always been submitted in good faith in the pursuit of the truth and based on the merits of this case. Daily and Jones submitted this self-interest perceived "threat" to the Courts knowingly and willingly even though none of the "facts" they state can be considered for a Court to deem a Plaintiff a vexatious litigant? Once again, this signed pleading was made in bad faith, not grounded in any facts or evidentiary support, did not address the merits of the case, and was submitted frivolously with the sole purpose of harassing the Plaintiff and made with an improper purpose of trying to bias and prejudice the Court against the Plaintiff.

    5.  This Court can now take note of Request for Judicial Notice of the notice of appearance and Rule 12(b) motion to dismiss (Dkt #30) of Robert G. Klein as representative of Defendant Kathleen McFarlin and Katmac Company, LLC. The Defendants were technically in default had it not been for the clerk of the court denying it because of a misspelling of her name.

Daily doesn't represent her, but uses her to file a false, irrelevant and frivolous declaration (Dkt #22-2).

Defendants McFarlin and Katmac's attorney, Robert G. Klein, is a seasoned attorney out of Beverly Hills, California since 1987 who claims an expertise in IP and Copyright Law

The Plaintiff has filed a response to Klein's frivolous motion (Dkt #35), but the Court should be on notice that Klein has knowingly submitted a declaration of his client that is categorically false. His motion to attack personal jurisdiction is frivolous. McFarlin has admitted already that she has worked with DeMarco and Stassi for at least 2.5 years. She even confirms that in paragraph 8 of her declaration; "I have worked with John DeMarco".  John DeMarco lives and supposedly "works" in California. McFarlin is named in the agreement that the Defendants submitted as a beneficiary and that agreement is signed with a letterhead of the California address of Stassi and Daily's offices in Newport Beach.  Just recently through Rule 26(a) disclosures, it has come to the Plaintiff's attention that Defendant John DeMarco offered to pay for Defendants McFarlin and Katmac's attorneys. (Exhibit A). In all likelihood, Defendant DeMarco is paying attorney Klein to represent Defendants McFarlin and Katmac.

How then could an attorney with over 30 years' experience be seriously challenging personal jurisdiction and the test of "minimal contact' of that forum state in his motions when he is already in possession of a plethora of facts that contradict his arguments, including the very person who is paying him? How could he allow his client to sign a declaration under penalty of perjury? This alone is a violation that factual contentions have evidentiary support.

Additionally, there is no evidence of McFarlin's claim that DeMarco or Stassi "own a movie studio in New Mexico". The address listed for Stassi Native Holdings is a jewelry store named First American Traders. ([First American Traders: Authentic Indian Jewelry in Gallup, NM](#)). Again, signed affidavits must have some evidentiary support.

Klein also did not adhere to the districts wishes to try and confer and pursue a settlement, and went straight to a frivolous motion to dismiss. If not stopped now, this Court and the Plaintiff will be inundated with false, irrelevant and frivolous motions. (Klein has since engaged in settlement discussions since July 13,2022).

### IV.   Safe Harbor Provision

Rule 11(c)(2) provides a safe harbor provision to the violators to be

given 21 days to correct the violations. The violators were given the motion for sanctions on July 13, 2022, and will have until August 3, 2022 to cure the violations, or the movant will submit the motion to Court.

### V.     Conclusion

Just like the egregious conduct detailed in the Plaintiff's complaint against the Defendants, the unethical, immoral and unlawful behavior of the lawyers in this case are equally repugnant. It is no wonder that for decades, lawyers as a profession rank year in and year out at the lowest rung of society. That they are mostly self-policed is one reason why the legal system is broken. By passing the legislation of Rule 11, Congress granted huge discretion to the Courts to uphold the integrity of the Courts and process to punish misconduct.

The Plaintiff would have no way of knowing if the Defendants unlawful submissions have indeed created a bias and prejudice against him by the Court. Even if the Defendants complied with the Safe Harbor provision and corrected the violations, it cannot be unseen by the Court. The Court, on its own accord, should have admonished and warned the lawyers from the very first paragraph that their submissions were unlawful and need not have waited for the Plaintiff's motion to correct the unlawful violations. Yet still, at this juncture, the Court has the power at its discretion

to utilize its power to grant the Plaintiff's motion for any sanctions it deems just to hold the misconduct accountable, even granting a summary judgement to the Plaintiff.

Regards,

/s/   Vincent McCrudden – Pro Se

Date: August 3, 2022