UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-00407-JDE | Date | February 3, 2023 |
|---|---|---|---|
| Title | Vincent McCrudden v. John DeMarco, et al. | | |

Present: The Honorable   John D. Early, United States Magistrate Judge

| Maria Barr | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorney(s) Present for Plaintiff: | Attorney(s) Present for Defendants: |
| None present | None present |

**Proceedings:**   (IN CHAMBERS) ORDER TO SHOW CAUSE RE DISMISSAL

## I.
## INTRODUCTION

On March 16, 2022, Plaintiff Vincent McCrudden ("Plaintiff"), proceeding pro se and subsequently granted leave to proceed in forma pauperis, filed a Complaint against John DeMarco ("DeMarco"), James D. Daily ("Daily"), the Daily Law Group, Stassi Media Group LLC ("Stassi"), Stassi Capital Publishing Group, LLC, Stassi Media, LLC, Stassi Native Capital Holdings Group, LLC, (collectively "Stassi Defendants") and against Kathleen McFarlin ("McFarlin"), and Katmac Company, LLC ("Katmac") (collectively "Katmac Defendants") (collectively "Defendants"). Dkt. 1. Plaintiff alleges Defendants made false misrepresentations, breached a contract, and infringed on his copyrighted work.

On September 29, 2022, the Court held a telephonic hearing on several motions. At the hearing, the Court advised Plaintiff that the language he used in his correspondence with counsel was inappropriate, citing several specific examples of curse words and threatening language. The Court ordered Plaintiff not to use this type of language in future communication in the case and warned that an order to show cause why sanctions up to and including dismissal should not be imposed would be issued such language was used again. Despite the Court's warning, it appears, as set forth below, that Plaintiff has violated that order by continuing to make threats and use inappropriate language that he was ordered not to use.

On February 1, 2023, the Court issued an order that it would hold a telephonic conference on February 3, 2023, at 9:30 a.m., with dial-in information provided. Plaintiff and counsel for all parties were ordered to attend telephonically. See Dkt. 79.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-00407-JDE | Date | February 3, 2023 |
|---|---|---|---|
| Title | Vincent McCrudden v. John DeMarco, et al. | | |

The Court issued an Order on February 2, 2023, detailing Plaintiff's inappropriate communications, including communications made after the September 29, 2022, order, and directed the parties be prepared to discuss the language and applicable authorities regarding possible sanctions, up to and including dismissal. Dkt. 80. At 8:34 p.m. the evening before the telephonic hearing, Plaintiff filed a "response" indicating that he "will not call in to tomorrow's call" despite acknowledging the Court's order to do so. Dkt. 81.

On February 3, 2023, the Court held a telephonic hearing, attended by counsel for the Katmac Defendants and by counsel for the Stassi Defendants (collectively "Defense Counsel"). Defense Counsel asked the Court to issue an order dismissing the case under Rule 41(b) of the Federal Rules of Civil Procedure ("Rules" or singularly, "Rule") and the Court's inherent authority due to Plaintiff's conduct. Defense Counsel explained that Plaintiff's conduct has severely prejudiced their ability to litigate the case due to fear of reprisals to themselves and others around them from Plaintiff if they propound discovery, investigate and identify potential witnesses, or contact him to coordinate basic litigation functions.

For the reasons that follow, the Court finds the case subject to dismissal and orders Plaintiff to respond as set forth further below.

## II.
## BACKGROUND

The following is a partial summary of some of the events in the action.

On June 29, 2022, Plaintiff filed a "Second Amended Complaint," alleging, among other things, that he is "homicidal" as a result of Defendants' alleged conduct. Dkt. 26 ("SAC"), ¶ 83.

After the parties filed separate Rule 26(f) Reports in contravention of the Rule 26(f) of the Federal Rules of Civil Procedure ("Rules" or singularly, "Rule"), on July 7, 2022, the Honorable James V. Selna, United States District Court, to whom the case was initially assigned, issued an Order to Show Cause re Dismissal for Lack of Prosecution that noted the failure, directed the parties to file a proper Joint Rule 26(f) Report, and further stated:

> Plaintiff and counsel are reminded of the standards of professional conduct ([C.D. Cal. Local Civil Rule ("Local Rule")] 83-3.1.2). Federal cases are a dignified search for the truth.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-00407-JDE | Date | February 3, 2023 |
|---|---|---|---|
| Title | Vincent McCrudden v. John DeMarco, et al. | | |

Dkt. 29.

On August 5, 2022, pursuant to the parties' consent, the matter was reassigned to the undersigned magistrate judge. Dkt. 49. Plaintiff filed a Motion for Rule 11 Sanctions against "Defendants" on August 3, 2022. Dkt. 44 ("First Sanctions Motion"). On August 22, 2022, the Court denied the First Sanctions Motion for failure by Plaintiff to comply with Local Rule 7-3, ordering, in part:

> [a]ny future motions or requests for Court intervention in this case shall include in the notice the date, time, and duration that the parties spoke to, in good faith, attempt to resolve their disputes . . . or alternatively, include a declaration that sets forth facts showing that the opposing party refused a reasonable request to so speak. Failure to make a good faith attempt to resolve disputes telephonically before filing motions or other applications may result in sanctions in the future.

Dkt. 53 ("Meet and Confer Order").

1. <u>Email Attachments to the Opposition to the Second Sanctions Motion</u>
On August 24, 2022, Plaintiff filed a second Motion for Rule 11 Sanctions against Defendants. Dkt. 55 ("Second Sanctions Motion"). In opposing Plaintiff's Second Sanctions Motion (Dkt. 60), counsel for the Stassi Defendants filed copies of some emails Plaintiff sent to counsel during the pendency of the case.

On June 2, 2022, Plaintiff wrote to opposing counsel, in part:

> Shut the f*** up with your quotes and other irrelevant rants. You're a little scumbag con artist, ambulance chaser . . . . This lawsuit is the lease of your worries a**hole. . . .
>
> You write a self-serving email and then enter it into Court as evidence? You're a f***ing c*nt. You state you're a father? A c*nt like you should never be allowed to procreate.

Dkt. 60-1 at 18 (CM/ECF pagination) (redacted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-00407-JDE | Date | February 3, 2023 |
|---|---|---|---|
| Title | Vincent McCrudden v. John DeMarco, et al. | | |

On June 29, 2022, Plaintiff wrote to counsel:

> Scumbags:
>
> Enclosed find the amended complaint I submitted today. You will see, that since I have submitted my complaint, I have been contacted by numerous other victims. Get ready for another few lawsuits, possibly a class action. All of the victims now have the California Bar Association, US Attorneys Office and States Attorneys Office contact info as well. Get ready for criminal proceedings f***ers.
>
> You know, I never wrote in the book or told Kat my story of doing time in the feds.[1] The Feds arrest the most violent criminals all over the world. I served time with murderers. Russian arms dealers, mafia capo's and huge cartel leaders from Colombia, Dominican Republic and Mexico. When I was in there, I became acquainted with many of these guys. They respected my fight against the feds. I also did a lot of legal work for many of them and was able to really help them reduce their sentences. You see, the feds ship a lot of inmates from the west coast to the east coast, so I met a lot of violent gang members from California. Its amazing how many violent gang members are in California.
>
> Its amazing how grateful they are to me. They would do anything for me. Fortunately, more and more of them are getting released every year.

Dkt. 60-1 at 7 (CM/ECF pagination) (redacted).

In a July 13, 2022, email to opposing counsel, Plaintiff wrote:

> Scumbag Lawyers,
>
> Enclosed is a motion for sanctions against you clowns. Under the Safe Harbor provision of Rule 11(c)(2), you have until August 3, 2022 to cure the violations, or I will file the motion to the Court.

---

[1] In 2012, Plaintiff pleaded guilty to federal charges for sending threatening communication and was sentenced to serve 28 months in federal prison. See United States v. McCrudden, 2014 WL 3778978, at *1 (E.D.N.Y. July 31, 2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-00407-JDE | Date | February 3, 2023 |
|---|---|---|---|
| Title | Vincent McCrudden v. John DeMarco, et al. | | |

> In the meantime, you can all go f*** yourselves. Corrupt clowns.

Dkt. 60-1 at 11 (CM/ECF pagination) (redacted).

In an August 22, 2022, email, Plaintiff wrote to counsel, in part:

> This f****** conferring this is bullsh*t

Dkt. 60-1 at 16 (CM/ECF pagination) (redacted)

In an August 23, 2022, email, Plaintiff wrote to counsel, in part:

> First and most importantly, go f*** yourself.
>
> I told you before for you to not respond to these correspondences and fake efforts to confer in good faith. You are a f***ing scumbag ambulance chaser. I stated before at least allow Michael respond as he is less of an a**hole.
>
> All this bullsh*t is once again an effort to submit the email to the court to try and bias the Court against me . . ..
>
> You steal my f***ing book and you think you are getting away with it because you're a scumbag lawyer? Think again mother f***er. This case is just a part of what is going to happen to you for stealing property and money from people. You f***ing arrogant mother f***er. You're nothing but a f***ing grifter.
>
> The Court has not been accommodative mother f***er. . . . This LAR sh*t is pure bullsh*t and you're f***ing lucking.
>
> You f***ing deliberately and arrogantly violated numerous rules on FRCP Rule 11(b). Those submissions were intended solely to deflect from your fraud because you have no f***ing defense. . . . "you think I am just going to allow you corrupt mother f***ers to continue to publish my book and story? If you do, you're f***ing fooling yourself.. . . you're not going to get away with it to me mother f***er.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-00407-JDE | Date | February 3, 2023 |
|---|---|---|---|
| Title | Vincent McCrudden v. John DeMarco, et al. | | |

> . . . . You know my address mother f***er. Get your fat *ss on a plane and come here and see what you can do about it. P*ssy mother f***er.
>
> Don't f***ing email again mother f***er with this bullsh*t, fake *ss emails that have no intention on acting in good faith and your intentions are so f***ing obvious. I think too many cows were tipped on your head to think you're clever mother f***er.
> . . .
> Now go f*** yourself mother f***er and don't write me again. And don't worry, am still corresponding with the DOJ, FBI, SEC and California State Bar. You and your pr*ck friends are on their radar. Its just a matter of time they walk through that door mother f***er.

Dkt. 60-1 at 13 (CM/ECF pagination) (redacted).

    2.    <u>September 29, 2022 Hearing</u>

On September 29, 2022, at a telephonic hearing on several motions, including the Second Sanctions Motion, the Court advised Plaintiff that the language he used in his correspondence with counsel was inappropriate, and read from portions of several of the foregoing emails. The Court directed Plaintiff not to use that type of language in future communication with opposing counsel and that an order to show cause why sanctions should not be imposed would be immediately issued if this kind of behavior continued. The Court further gave Plaintiff the following warning: "You are now on notice. If I see in any form language in any way like that, I'm going to set up an immediate Order to Show Cause why you shouldn't be sanctioned with monetary sanctions and possibly other sanctions." (cleaned up). Further, the Court warned: "The parties are also on notice that any further use of language by Mr. McCrudden or any party… there will be sanctions and the sanctions could proceed up to dismissal or entry of a default judgment depending on what happens[.]" (cleaned up).

    3.    <u>Further Inappropriate Emails to Opposing Counsel and a Judicial Officer</u>

On October 20, 2022, Plaintiff filed a Third Amended Complaint. Dkt. 64 ("TAC"). The Katmac Defendants filed an Answer to the TAC (Dkt. 66, 67), while the Stassi Defendants filed a Motion to Dismiss the TAC. Dkt. 65. With the motion to dismiss, counsel for the Stassi Defendants included meet and confer correspondence in which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-00407-JDE | Date | February 3, 2023 |
|---|---|---|---|
| Title | Vincent McCrudden v. John DeMarco, et al. | | |

Plaintiff wrote, in part, "I simply don't give a sh*t what you think is appropriate." Dkt. 65-1 at 5 (CM/ECF pagination) (redacted).

In the meantime, Plaintiff filed a Motion for Recusal of the assigned magistrate judge (Dkt. 69), which was referred to the Honorable David O. Carter, United States District Judge (Dkt. 73) and thereafter denied by Judge Carter on January 10, 2023 (Dkt. 75).

The next morning, January 11, 2023, Plaintiff sent an email to Judge Carter's chambers email and direct email filled with abusive language including curses directed at Judge Carter and the assigned magistrate judge. See Dkt. 80 at 11-12 (CM/ECF pagination) (redacted).

Separately, also on January 11, 2023, the assigned magistrate judge issued a written order denying the Second Sanctions Motion. Dkt. 76 ("Sanctions Order"). In the Sanctions Order, the Court ordered as follows: "Going forward, the parties shall conduct themselves with civility, decorum, and professionalism. This requirement equally applies to all parties, regardless of pro se status." Id. at 9. The Court reiterated the warning issued on the record on September 29, 2022, directing that:

> Failure to comply with the Court's order may result in sanctions, including dismissal of the action or entry of a default judgment.

Id. at 11.

Later that same day, Plaintiff again emailed Judge Carter, referenced the Sanctions Order, and set forth even more abusive and curse-filled language directed at Judge Carter and the assigned magistrate judge. See Dkt. 80 at 13 (CM/ECF pagination) (redacted).

On January 26, 2023, the Court received unauthorized ex parte communication from a counsel for the Stassi Defendants with the subject line "URGENT: Plaintiff Threats to Kill Defendants' Counsel." Attached to the email is email correspondence between Plaintiff and counsel, the oldest in time dated January 14, 2023, and several email messages dated January 25, 2023. The emails written by Plaintiff are laden with curse words and abusive language towards defense counsel. On January 14, 2023, Plaintiff wrote, in part: "I will continue the case against [McFarlin] and get the biggest judgment against her I can so that she will be left looking over her shoulder the rest of her life." Dkt. 80 at 18 (CM/ECF pagination). Among other things, Plaintiff wrote, in part:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-00407-JDE | Date | February 3, 2023 |
|---|---|---|---|
| Title | Vincent McCrudden v. John DeMarco, et al. | | |

> You want to disrespect me further Michael? OK, we'll see about that mother f***er. See you real soon. We'll see what a tough guy you are in person.

Id. (redacted). Plaintiff also wrote, in part:

> I'll be in Cali soon…..see you and your friends soon. I'll have some friends with me if that's alright.

Id. at 16. In the last email in the thread chronologically, Plaintiff wrote, in part:

> When I was in the joint…you cannot believe what types of people I was exposed to. You learn to respect everyone, because you don't know what someone is capable of.
>
> It could be the 6'8 280 pound guy, but it could also be the 5'6 guy from El Salvador who could kill you while you sleep.
>
> . . . I know you can't see it now from the perspective you seem to view the world, but your perception is going to change soon and you are going to regret asking me this.
>
> This I can promise you mother f***er. You somehow think the law is going to protect you..because you learned through Daily that there are people like Daily and DeMarco who geta way with doing f***ed up sh*t to people . . . .
>
> You are going to learn a lesson the hard way Jones. I view you not different now that Daily and DeMarco. You are complicit in the fraud and you will pay a price for your f***ing arrogance.
>
> See you soon!

Dkt. 80 at 15 (CM/ECF pagination) (redacted).

    4.    <u>February 3, 2023 Hearing</u>

The Court held a telephonic hearing on February 3, 2023. Plaintiff failed to appear but Defense Counsel were present. Defense Counsel asked the Court to dismiss the case

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-00407-JDE | Date | February 3, 2023 |
|---|---|---|---|
| Title | Vincent McCrudden v. John DeMarco, et al. | | |

under Rule 41(b) and the Court's inherent authority because of Plaintiff's abusive language and threats, which Defense Counsel have interpreted as threats to their own physical safety and their clients' physical safety.

     Defense Counsel explained that they have been severely prejudiced in their ability to litigate the case because of Plaintiff's abusive conduct and have been unable to effectively represent their clients due to Plaintiff's ceaseless harassing and threatening conduct. Counsel for the Stassi Defendants stated that they have not propounded any discovery due to fear for their safety. Stassi Defendants' counsel indicated that any time someone from their office contacts Plaintiff about the case, Plaintiff responds with a barrage of inappropriate emails. For example, when a secretary contacted Plaintiff about organizing a call, Plaintiff sent her a threatening email. Stassi Defendants' counsel also told the Court that they have declined to investigate and contact witnesses because of fears of physical safety caused by Plaintiff's threats. The Stassi Defendants' counsel advised he has not coordinated with the Katmac Defendants on litigation plans due to fears that Plaintiff will target them further. Similarly, counsel for the Katmac Defendants indicated that he is concerned about filing a motion or taking any position adverse to Plaintiff as such action would cause Plaintiff to target him or his client further. The Katmac Defendants' counsel also stated that he and his client are concerned that locating and identifying witnesses would put such witnesses in danger.

     Additionally, Defense Counsel told the Court how they have been personally affected by Plaintiff's conduct. Counsel for the Stassi Defendants stated they are worried and concerned that Plaintiff will act on his January 25, 2023 email, which indicated he will come to California and bring his friends from federal prison. Stassi Defendants' counsel has applied for a Concealed Carry Weapons license with the Orange County Sheriff's Department and now carries a 40-caliber weapon to work. After Plaintiff sent an email, a family member of the Stassi Defendants' counsel was followed home by an unknown person, causing great distress to counsel and his family. The Stassi Defendants' counsel have contracted to incur more than $4,000 on additional office security hardware and have instituted new security protocols, including mail handling and internal security. Counsel for the Stassi Defendants are particularly concerned because they researched Plaintiff and discovered that Plaintiff has been criminally prosecuted and convicted for making threats. Defense Counsel recited the emotional toll the threats and abusive language has caused them, preventing them from effectively litigating this action and potentially prejudicing their ability to represent other clients due to the mental strain caused by Plaintiff's conduct.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-00407-JDE | Date | February 3, 2023 |
|---|---|---|---|
| Title | Vincent McCrudden v. John DeMarco, et al. | | |

Counsel for the Katmac Defendants stated that McFarlin is frightened for her personal safety, and she has contacted law enforcement in Nebraska.

     5.     Subsequent Declarations

At the hearing, the Court invited those on the call to file declarations regarding Plaintiff's conduct and its impact it has had on them. At the time of the filing of this Order, the Court received a declaration from McFarlin (Dkt. 83) and Daily (Dkt. 85). In her declaration, McFarlin states, among other things, that she believes Plaintiff's threats are "more credible" given Plaintiff's "history of threatening to kill 47 people." Dkt. 83, ¶ 34. McFarlin states Plaintiff "threatened" her "in texts and phone calls." Id. After receiving "threatening texts" from Plaintiff, she contacted law enforcement, but was concerned that seeking and serving Plaintiff with a restraining order "would send him into an escalated rage" because of his history. Id. ¶ 35. She spoke to a Sheriff's deputy about adding extra patrols, which he did. Id. ¶ 36. McFarlin also asked a neighbor to watch over her home. Id. She got another guard dog because she believes Plaintiff "is capable of making good on his threats." Id. ¶ 37. McFarlin states that she is hypervigilant: she keeps her hand on the alarm button when exiting and entering her vehicle, avoids going to the door even in daylight, and she has limited leaving her home, especially at night. Id. ¶¶ 38-40. McFarlin does not feel she "can even list any witnesses in court documents for fear they will be threatened or harmed." Id. ¶ 40. Daily's declaration details the severe distress he asserts was caused by Plaintiff's threatening and abusive communications, and details the effects Plaintiff's conduct has had on him, employees of his firm, other employees in his building, and his family. See generally, Dkt. 85.

**III.
DISCUSSION**

Rule 41(b) enables a court to order dismissal for failure of the plaintiff to comply with an order of the Court. Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987). "District courts have the inherent power to control their dockets and in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case." Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000); see Link v. Wabash R. Co., 370 U.S. 626, 630 (1962). "Because inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion." Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980). However, "[d]ismissal under a court's inherent powers is justified in extreme circumstances, in response to abusive litigation practices, and to insure the orderly administration of justice and the integrity of the court's orders."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-00407-JDE | Date | February 3, 2023 |
|---|---|---|---|
| Title | Vincent McCrudden v. John DeMarco, et al. | | |

Halaco Eng'g Co. v. Costle, 843 F.2d 376, 380 (9th Cir. 1988) (as amended) (internal citations omitted).

 Dismissal, with prejudice, may be ordered based on a party's failure to obey a court order or failure to comply with the Local Rules. See Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Malone, 833 F.2d at 134 (affirming dismissal with prejudice for failure to comply with court order). Further, under C.D. Local Rules 83-2.2.3 and 83-2.2.4, Plaintiff's failure to comply with the Local Rules in itself can warrant dismissal of an action. See also C.D. Local Civil Rule 83-7.

 "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum[.]" Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) (citation omitted). A court may dismiss an action pursuant to its inherent power where misconduct is due to "willfulness, fault, or bad faith." Anheuser-Busch, Inc. v. Nat. Beverage Distribs., 69 F.3d 337, 348 (9th Cir. 1995) (citation omitted). A relationship must exist "between the sanctioned party's misconduct and the matters in controversy such that the transgression 'threaten[s] to interfere with the rightful decision of the case.'" Id. (alteration in original) (citation omitted). Courts consider five factors in evaluating whether to dismiss a case or declare a default: (1) "the public's interest in expeditious resolution of litigation"; (2) "the court's need to manage its docket"; (3) "the risk of prejudice to the other party"; (4) "the public policy favoring the disposition of cases on their merits"; and (5) "the availability of less drastic sanctions." Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011) (citation omitted).

 The Court may dismiss a case involuntarily whether or not a party is proceeding pro se. See, e.g., Kelley v. T-Mobile USA, Inc., 2022 WL 14111031, at *1 (D. Or. Oct. 6, 2022) (recommending dismissal with prejudice where the plaintiff treated opposing counsel and Court staff inappropriately and disrespectfully) report and recommendation adopted by 2022 WL 14011020 (D. Or. Oct. 24, 2022). "Unfamiliarity with the legal process is no excuse for threatening physical force, disparaging counsel, [and] using profanity." Fathi v. Saddleback Valley United Sch. Dist., 2020 WL 7315462, at *7 (C.D. Cal. Oct. 28, 2020) at *6 (alteration in original) (quoting Cameron v. Lambert, 2008 WL 4823596, at *4 (S.D.N.Y. Nov. 7, 2008)); see also Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984) ("Pro se litigants are not excused from complying with court orders or substantive and procedural law."). "Although a pro se litigant may be entitled to great leeway by the Court when

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-00407-JDE | Date | February 3, 2023 |
|---|---|---|---|
| Title | Vincent McCrudden v. John DeMarco, et al. | | |

construing his filings, that does not excuse him from following basic rules of ethics and civility—or the law." Fathi, 2020 WL 7315462, at *7

It is within a trial court's discretion to dismiss a plaintiff's case with prejudice because of the plaintiff's abusive behavior towards opposing counsel and the Court. See, e.g., Kelley, 2022 WL 14111031, at *1 (recommending dismissal with prejudice where the Court took "great lengths" to "facilitate Plaintiff's ability to pursue his claims, which included an explanation of the Court's expectations regarding professional courtesies" but Plaintiff treated opposing counsel and Court staff disrespectfully and inappropriately; for example, Plaintiff referred to opposing counsel as a "pinniped" and "translate[d] an email as "arrf arrrf" and, in an email to court staff, Plaintiff responded "How about you all go f*** yourself." (redacted)); Foley v. Schriro, 2009 WL 10675740, at *1 (D. Ariz. Aug. 31, 2009) (dismissing with prejudice where the plaintiff refused to cooperate in preparing the joint proposed pretrial order (JPTO), plaintiff unilaterally filed the JPTO using "extremely offensive language in order to accuse defense counsel of being problematic," failed to comply with the court's order to submit the JPTO, and failed to respond to defendant's 41(b) motion); Andrade v. Gaurino, 2019 WL 3082409, at *3 (D. Haw. July 15, 2019) (dismissing with prejudice where plaintiff refused to proceed with trial and comply with court orders; while opposing counsel was speaking to the court, plaintiff "stood up and began yelling . . . 'shut up,' 'it's all bullsh**,' 'you guys are crazy,' 'f*** you guys,' 'you guys are all sh*t,' and 'you're all fu***d'" and plaintiff "threatened" defense counsel, approaching them "with his hands raised, yelled obscenities with his middle fingers up, called them liars and crooks, and said his father and brother were war veterans" (redacted)); White v. Relay Res., 2020 WL 3488425, at *2 (W.D. Wash. June 26, 2020) (dismissing with prejudice where plaintiff refused to provide further discovery and replied to opposing counsel by stating 'Go F Yourself. I dare you. Have a nice day.'); Cameron, 2008 WL 4823596, at *4-5 (granting terminating sanctions with prejudice for pro se plaintiff's use of inappropriate and threatening language during a deposition); Nelson v. Eaves, 140 F. Supp. 2d 319, 320 (S.D.N.Y. 2001) (dismissing complaint with prejudice where pro se plaintiff wrote letters to the assistant attorney general previously assigned to the case that were "sexually graphic, threatening in tone, and completely inappropriate"). Parties, including pro se litigants, are not permitted to threaten or harass opposing counsel and courts are empowered to issue orders requiring that a party cease such conduct. See Fathi, 2020 WL 7315462, at *7; Nguyen v. Biter, 2015 WL 366932, at *7 (E.D. Cal. Jan. 27, 2015) ("Plaintiff is mistaken that proceeding pro se shields him from the consequences of his actions or excuses misbehavior. It does not. Parties and counsel have a duty to behave

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-00407-JDE | Date | February 3, 2023 |
|---|---|---|---|
| Title | Vincent McCrudden v. John DeMarco, et al. | | |

civilly and respectfully toward one another, and conduct to the contrary is sanctionable where it undermines the integrity of judicial proceedings.").

Here, it appears that Plaintiff has engaged in inappropriate conduct; used abusive and threatening language with opposing counsel and others; and blatantly disregarded multiple court orders and the Local Rules. Those actions appear to have prejudiced Defendants' ability to litigate this action fully.

First, Plaintiff has written abusive and profane emails to opposing counsel. The language appears to reflect malice and an intent to harass. See Nelson, 140 F. Supp. 2d at 322. Despite Judge Selna's July 7, 2022 order, the Meet and Confer Order, and the Court's orders on September 29, 2022 and January 11, 2022 prohibiting the parties from using such language in corresponding with one another or the Court, it appears that Plaintiff has continued to use inappropriate and offense language in his correspondence with opposing counsel and the Court.

Second, it appears that Plaintiff's ongoing harassment of the opposing parties and counsel has interfered with their ability to effectively litigate this action. Plaintiff's correspondence was clearly intended to and did instill fear in both Defendants and counsel, as set forth above. Plaintiff's conduct has caused counsel to fear for their safety and the safety of others, resulting in an attorney a concealed weapon carry permit to protect himself and his family, a firm contracting a $4300 security system and instituting new security protocols due to fear of Plaintiff. Defendant's counsel recite that they have been severely prejudiced in their defense of this action for fear of their safety and the safety of others. See generally, Dkt. 83, 85.

Third, as noted, it appears that Plaintiff has violated multiple Court orders and the Local Rules. In addition to his failure to comply with the Court's orders regarding civility and decorum, he has disregarded the Court's orders and Local Rules on the meet and confer process, and violated this Court's February 1, 2023 Order to appear at the status conference on February 3, 2023, despite acknowledging he was aware of this hearing.

**IV.**
**CONCLUSION AND ORDER**

For the foregoing reasons, Plaintiff is ORDERED TO SHOW CAUSE why this action should not be dismissed with prejudice for his conduct described above and is ORDERED to do so by filing a response, in writing, by February 9, 2023, setting forth any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-00407-JDE | Date | February 3, 2023 |
|---|---|---|---|
| Title | Vincent McCrudden v. John DeMarco, et al. | | |

and all factual or legal reasons why this action should not be dismissed with prejudice pursuant to Rule 41(b) and this Court's inherent authority. Plaintiff is cautioned that a failure to respond timely in compliance with this Order may result in dismissal for the reasons explained above and for failure to comply with a Court order.

IT IS SO ORDERED.